

FILED
JAN - 9 2015
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MOSES WOODSON,**

    Plaintiff,

v.    Civil Action No. **3:13CV492**

**MICHAEL JENKINS,**[1]

    Defendant.

### MEMORANDUM OPINION

Moses Woodson, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[2] Woodson contends that Defendant Officer Michael Jenkins assaulted him during his incarceration in the Piedmont Regional Jail. Defendant has filed a Motion to Dismiss. (ECF No. 16.) For the reasons stated below, the Court will DENY the Motion to Dismiss.

### I.    STANDARD FOR MOTION TO DISMISS

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a

---

[1] In his Motion to Dismiss, Defendant Jenkins indicates that Woodson misspelled his name. The Court corrects the spelling of Defendant Jenkins's name.

[2] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint.

See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF ALLEGATIONS

The sum of Woodson's allegations is as follows:[3]

> On 7-19-2013 I was placed in hand cuff[s] by Officer M. Jenkins around 1:50 a.m. and escorted by him and four other officers from one part of the jail to the other. While doing so, I was assaulted several times by Officer Jenkins to the face and head with his walky-talky/radio. And a result [of] the blows I received to the face and body, I was hospitalized in Central Community Hospital for a hole in my bottom lip and major pain in my lip. I was treated and received three stitches in the mouth. And had to have surgery on my lip.

(Compl. 5.)

Woodson demands monetary damages for his hospital bill, $10,000.00 for pain, and injunctive relief in the form of "charging the officer with assault with a weapon and fire him." (Id. at 6.)

## III. JENKINS'S ARGUMENTS FOR DISMISSAL

Jenkins argues that Woodson's claims should be dismissed because: (1) Woodson failed to exhaust his administrative remedies; (2) Woodson fails to state a federal claim for relief; and, (3) Jenkins is entitled to qualified immunity. For the reasons stated below, the Motion to Dismiss will be DENIED.

### A. Failure to Exhaust Administrative Remedies

The pertinent statute provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Generally, in order to satisfy the exhaustion requirement, the

---

[3] The Court corrects the capitalization, spelling, and punctuation in quotations from Woodson's Complaint.

inmate must file a grievance raising the claim and pursue the grievance through all available levels of appeal. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

Because the exhaustion of administrative remedies is an affirmative defense, Jenkins bears the burden of demonstrating lack of exhaustion. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Although it is possible to raise the defense in a motion to dismiss, the United States Court of Appeals for the Fourth Circuit has cautioned that "it seems unlikely that the failure to exhaust administrative remedies will often be apparent from the face of a complaint . . . ." *Anderson v. XYZ Corr. Health Serv., Inc.*, 407 F.3d 674, 682 (4th Cir. 2005); *see Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (quoting *Freeman v. Watkins*, 479 F.3d 1257, 1260 (10th Cir. 2007), for the proposition that "'only in rare cases will a district court be able to conclude from the face of the complaint that a prisoner has not exhausted his administrative remedies and that he is without a valid excuse'").

Jenkins suggests that Woodson's lack of exhaustion appears on the face of the Complaint. That is not so. Woodson acknowledges that the Piedmont Regional Jail had a grievance procedure; that he filed a grievance on July 19, 2013, but that staff "never looked at the grievance;" and that he spoke with staff "[b]ut nothing was done." (Compl. 4.) Woodson notes that he filed no appeal. (*Id.*) Contrary to Jenkins's assertion, this is not one of the "'rare cases'" where the inmate's failure to comply with § 1997e(a) can be assessed from the face of the Complaint. *Moore*, 517 F.3d at 725 (quoting *Freeman*, 479 F.3d at 1260).[4]

---

[4] Jenkins states that "the chronology of the alleged incident, the submissions of the grievance, and the plaintiff signing the Complaint all on the same day – Friday, July 19, 2013, by plaintiff's own allegations – and the Complaint being postmarked the next day, further shows undisputably that plaintiff did not exhaust his administrative remedies prior to commencing this action, as he was required to do." (Mem. Supp. Mot. Dismiss 4–5.) Jenkins fails to explain why this demonstrates that Woodson failed to exhaust his administrative remedies before filing this action.

4

Without information about the requirements of the Piedmont Regional Jail's grievance procedure, the Court cannot ascertain whether Woodson's complaint about the use of excessive force was grieveable. *See Anderson*, 407 F.3d at 682 n.5 ("To determine whether an inmate has exhausted his administrative remedies requires an understanding of the remedies available and thus likely would require information from the defendant as well as the inmate." (citing *Mojias v. Johnson*, 351 F.3d 606, 610–11 (2d Cir. 2003); *Snider v. Melindez*, 199 F.3d 108, 113–14 (2d Cir. 1999))). The Court requires such information because "a court considering dismissal of a prisoner's complaint for non-exhaustion must first establish from a legally sufficient source that an administrative remedy is applicable and that the particular complaint does not fall within an exception." *Mojias*, 351 F.3d at 610 (citing *Snider*, 199 F.3d at 114). Accordingly, the Motion to Dismiss the Complaint for the lack of exhaustion will be DENIED. *See Daniels v. Caldwell*, No. 3:11CV461, 2013 WL 85165, at *3 (E.D. Va. Jan. 7, 2013) (denying motion to dismiss on the basis of exhaustion for similar reasons).

### B. Failure to State a Claim

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). Jenkins argues that Woodson "alleges no federal rights violation. On the contrary, [Woodson] alleges, at most, a state law 'assault,' for which he asserts he wants the officer to be charged." (Mem. Supp. Mot. Dismiss 8.) Jenkins's argument appears to purposely skirt addressing Woodson's claim.

Woodson clearly filed his Complaint on the standard 42 U.S.C. § 1983 form, thus, the Court must assume that he intends to bring a claim of constitutional dimension. Moreover, a fair

reading of Woodson's Complaint alleges an Eighth or Fourteenth Amendment[5] claim of excessive force. *Cf. Martin v. Gentile*, 849 F.2d 863, 867–68 (4th Cir. 1988) (explaining that because courts are "obligated to construe [*pro se* complaints] liberally to assert any and all legal claims that its factual allegations can fairly be thought to support," facts pled by plaintiff were "sufficient to make out a cognizable claim" despite "no specific reference" to appropriate constitutional amendment (citing *Haines v. Kerner*, 404 U.S. 519 (1972))).

The Eighth Amendment "forbid[s] 'the unnecessary and wanton infliction of pain.'" *Norman v. Taylor*, 25 F.3d 1259, 1262 (4th Cir. 1994) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986), *overruled in part by Wilkins*, 559 U.S. at 34). "Significant injury" is not required for a prisoner to state an excessive force claim; "[t]he 'core judicial inquiry' . . . [is] not whether a certain quantum of injury was sustained, but rather 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Wilkins*, 559 U.S. at 38 (quoting *Hudson v. McMillian*, 503 U.S. 4, 7 (1992)). Woodson alleges that Jenkins hit him with his radio, which caused a "hole in his bottom lip" and "major pain," and necessitated a hospital visit, surgery, and stitches. (Compl. 5.) From the face of the Complaint, Woodson clearly alleges a claim of constitutional dimension. Accordingly, the Motion to Dismiss for failure to state a claim will be DENIED.

C.     **Qualified Immunity**

"When qualified immunity is asserted, the reviewing court should usually first ask whether the right was violated on the facts alleged, and then determine whether that right was

---

[5] The Eighth Amendment provides that: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. If Woodson was a pretrial detainee, his excessive force claim would be governed by the Due Process Clause of the Fourteenth Amendment. *See Taylor v. McDuffie*, 155 F.3d 479, 483 (4th Cir. 1998), *overruled in part by Wilkins v. Gaddy*, 559 U.S. 34, 34 (2010)).

'clearly established.'" *LeSueur–Richmond Slate Corp. v. Fehrer*, 666 F.3d 261, 264 (4th Cir. 2012) (citing *Smith v. Smith*, 589 F.3d 736, 739 (4th Cir. 2009)); *see Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (first alteration in original) ("[W]e conclude that, while the sequence set forth [in *Saucier v. Katz*, 553 U.S. 194 (2001)] is often appropriate, it should no longer be regarded as mandatory."). Jenkins's assertion of qualified immunity is limited to a recitation of the general jurisprudence governing qualified immunity. As Jenkins fails to acknowledge that Woodson alleges an Eighth or Fourteenth Amendment claim, the Court quickly dispenses with Jenkins's qualified immunity argument.

As noted above, Woodson has adequately alleged a constitutional claim of excessive force. Furthermore, in light of the authority cited above, Jenkins fails to demonstrate that the right was not clearly established. *See Allen v. City of Fredericksburg*, No. 3:09CV63, 2011 WL 782039, at *11 n.5 (E.D. Va. Feb. 22, 2011) (discussing the proper methodology for briefing the defense of qualified immunity). Accordingly, Jenkins's Motion to Dismiss based upon qualified immunity will be DENIED.

### III. CONCLUSION

Accordingly, Jenkins's Motion to Dismiss (ECF No. 16) will be DENIED. Any party wishing to file a dispositive motion, must do so within sixty (60) days of the date of entry hereof. An appropriate Order will accompany this Memorandum Opinion.

Date: 1-9-15
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge