

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MOSES WOODSON,

    Plaintiff,

v.                                                                            Civil Action No. **3:13CV492**

**MICHAEL JENKINS,**

    Defendant.

## MEMORANDUM OPINION

Moses Woodson, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] Woodson contends that Defendant Officer Michael Jenkins assaulted him in violation of the Eighth Amendment[2] during his incarceration in the Piedmont Regional Jail ("Piedmont"). By Memorandum Opinion and Order entered January 9, 2015, the Court denied Defendant Jenkins's Motion to Dismiss. On March 10, 2015, Defendant Jenkins filed his Motion for Summary Judgment. For the reasons stated below, the Court will GRANT the Motion for Summary Judgment because Woodson failed to exhaust his administrative remedies.

### I.    SUMMARY JUDGMENT STANDARD

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

R. Civ. P. 56(a). The party seeking summary judgment bears the responsibility to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed. R. Civ. P. 56(c) and 56(e) (1986)).

In reviewing a summary judgment motion, the court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). However, a mere scintilla of evidence will not preclude summary judgment. *Anderson*, 477 U.S. at 251 (citation omitted). "'[T]here is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party . . . upon whom the *onus* of proof is imposed.'" *Id.* (citation omitted). Additionally, "'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'" *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 n.7 (5th Cir. 1992)); *see* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials . . . .").

Jenkins asks the Court to dismiss Woodson's claims because, *inter alia*, Woodson failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Because the exhaustion of administrative remedies is an affirmative defense, Jenkins bears the burden of

2

pleading and proving lack of exhaustion. *Jones v. Bock*, 549 U.S. 199, 216 (2007). In support of his Motion for Summary Judgment for the lack of exhaustion, Jenkins submits: the Declaration of Terry Scott, Captain at Piedmont (Mem. Supp. Mot. Summ. J. Ex 3, at 1–3 ("Scott Decl.")), and a portion of the Piedmont Inmate Handbook (Scott Decl. Ex. A ("Exhibit A").)

As a general rule, a non-movant must respond to a motion for summary judgment with affidavits or other verified evidence. *Celotex Corp.*, 477 U.S. at 324. Woodson failed to respond to the Motion for Summary Judgment. Woodson also failed to swear to the contents of his Complaint under penalty of perjury. Accordingly, Woodson has submitted no admissible evidence. In light of the foregoing submissions and principles, the following facts are established for the purposes of the motion for summary judgment.

## II.  FACTS PERTAINING TO EXHAUSTION

Piedmont has established procedures for grievances filed by inmates. (Scott Decl. ¶ 2.) Upon arrival at Piedmont, all inmates are provided with an Inmate Handbook that explains the jail's inmate grievance procedure. (*Id.*) The Inmate Handbook "specifically lists 'Individual employee actions' as a grievable matter." (*Id.* ¶ 3; *see* Ex. A Grievance Procedure ¶ B.2.) "A grievance will not be accepted until it is first discussed with an officer. If the grievance is resolved by the officer/supervisor, it will then be forwarded to the Grievance Coordinator." (Ex. A Grievance Procedure ¶ D.4.) Piedmont's grievance procedure consists of two levels. (Scott Decl ¶ 3; *see* Ex. A Grievance Procedure ¶ D.6.) "If the inmate is not satisfied with [the] Level I response, the grievance must be resubmitted to Level II within 48 hours." (Ex. A. Grievance Procedure ¶ D.10.) "The first level (Level I) of a grievance will be responded to and returned within five (5) working days, excluding Saturday, Sunday, and holidays." (Ex. A Grievance Procedure ¶ D.7.) "The second level (Level II) will be responded to and returned within five (5) working days, [] excluding Saturday, Sunday, and holidays." (*Id.* Grievance Procedure ¶ D.8.)

3

An inmate has not exhausted his administrative remedies under the grievance procedure at Piedmont unless he has exhausted both Level I and Level II of the grievance procedure. (Scott Decl. ¶ 6.)

Piedmont's grievance records reflect that on Friday, July 19, 2013, Woodson submitted a grievance regarding the alleged assault by Officer Jenkins on July 18. (Scott Decl. ¶ 4.) The Grievance Coordinator received the grievance on Monday, July 22, 2013. (*Id.*) Under Piedmont's procedure, the jail had until Monday, July 29, 2013 to respond to the grievance. (*Id.*) Woodson also signed the instant Complaint on July 19, 2013, the same day he filed his grievance. (*Id.* ¶ 5; *see* Compl. 6.)

Subsequent to his signing of the Complaint, Woodson received a response to his grievance. (Scott Decl. ¶ 6.)[3] Piedmont's "grievance records show that Woodson never appealed the Level I response that he received." (*Id.*)

## III. EXHAUSTION ANALYSIS

The pertinent statute provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. §] 1983 or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This language "naturally requires a prisoner to exhaust the grievance procedures offered, whether or not the possible responses cover the specific relief the prisoner demands." *Booth v. Churner*, 532 U.S. 731, 738 (2001). Generally, in order to satisfy the exhaustion requirement, the inmate must file a grievance raising the claim and pursue the grievance through all available levels of appeal, prior to bringing his or her action to court. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Additionally, the Supreme Court has instructed that section 1997e(a) "requires proper exhaustion." *Id.* at 93. The Supreme Court explained that

---

[3] Jenkins fails to provide the date Woodson received his response.

4

"[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules," *id.* at 90, "'so that the agency addresses the issues on the merits.'" *Id.* (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). The applicable prison rules "define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Exhaustion is mandatory, and courts lack discretion to waive the exhaustion requirement. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

Here, Woodson clearly failed to exhaust his administrative remedies prior to filing the instant action. Woodson signed his Complaint and likely mailed it on the same day that he filed his Level I grievance.[4] Moreover, Woodson never submitted a Level II grievance. Thus, he has failed to comply with 42 U.S.C. § 1997e(a). *See Woodford*, 548 U.S. at 90.

## IV. CONCLUSION

Accordingly, Defendant Jenkins's Motion for Summary Judgment (ECF No. 26) will be GRANTED. Woodson's claim and the action will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order will accompany this Memorandum Opinion.

Date: 8-24-15
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge

---

[4] "'Under the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court. . . . If exhaustion was not completed at the time of filing, dismissal is mandatory.'" *McManus v. Wilson*, No. 3:13CV460–HEH, 2015 WL 3444864, at *5 (E.D. Va. May 28, 2015) (quoting *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003)). "'[E]xhaustion pendente lite undermines the objectives of section 1997e(a) and . . . the language of section 1997e(a) clearly contemplates exhaustion prior to the commencement of the action as an indispensable requirement, thus requiring outright dismissal of such actions . . . .'" *Id.* at *6 (quoting *Jones*, 340 F.3d at 628).